# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2733

_____

Randall S. Whitmore,                    *
                                        *
    Petitioner - Appellee,          *
                                        *    Appeal from the United States
v.                                      *    District Court for the
                                        *    District of Nebraska.
David S. Avery,                         *
                                        *      [UNPUBLISHED]
    Respondent - Appellant.         *

_____

Submitted:  October 13, 1999

Filed:  November 18, 1999

_____

Before BOWMAN, HEANEY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

This federal habeas corpus case has a long history.  See Whitmore v. Avery, 63 F.3d 688 (8th Cir. 1995), cert. denied, 116 S. Ct. 1282 (1996).  On July 13, 1998, after denying Randall S. Whitmore habeas relief from his Nebraska conviction, we ordered the district court to revoke its 1993 order releasing Whitmore on bail pending completion of these proceedings.  Whitmore was by this time a longstanding resident of California.  On March 15, 1999, believing our July 13 order had been stayed by subsequent proceedings, we issued an order stating:

[W]e hereby deny Whitmore habeas relief, and direct that the district court's bail order be vacated or revoked. However, we deny the state's request for a federal court order directing that Whitmore be returned to Nebraska. . . . Nebraska must proceed in accordance with Morissey [v. Brewer, 408 U.S. 471 (1972)], in the event it wishes to revoke Whitmore's release and have him serve the remainder of his sentence.

Nebraska officials first acted in defiance of our March 15 order by issuing a warrant for Whitmore's arrest in California. On Whitmore's petition, we ordered respondent Avery to withdraw the arrest warrant. Avery then filed an untimely petition for rehearing, which we denied, and a petition for rehearing en banc, which we denied as untimely. Returning to the district court, Avery then filed a motion to reinstate its October 9, 1998, order directing Whitmore to report to Nebraska prison authorities. On May 21, 1999, the district court denied that motion, and Avery appeals.

As the district court recognized, our March 15, 1999, order is law of the case and clearly requires that Avery's motion to reinstate be denied. Both the motion to reinstate and this appeal are therefore frivolous. Indeed, they are in flagrant disregard of this court's rule that, "Successive petitions for rehearing are not allowed." 8th Cir. Rule 40A(c). Respondent Avery and his counsel, the Nebraska Attorney General, could have sought timely en banc review of our March 15 order, or certiorari review by the Supreme Court of the United States. We are not infallible, and our order raised novel issues on which reasonable jurists might differ. Instead, state officials have repeatedly defied and evaded that order, tactics which neither we nor any other court may tolerate. Accordingly, the order of the district court is summarily affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.